**Revised January 8, 1999**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-30866
_____

PHYLLIS ROMAGUERA; ET AL,

Plaintiffs,

PHYLLIS ROMAGUERA,

Plaintiff-Appellee,

VERSUS

JON GEGENHEIMER,CLERK OF COURT, 24TH JUDICIAL DISTRICT
COURT, EX OFFICIO RECORDER OF MORTGAGES AND CONVEYANCES,
PARISH OF JEFFERSON, STATE OF LOUISIANA; ET AL,

Defendants,

JON GEGENHEIMER, CLERK OF COURT, 24TH JUDICIAL DISTRICT
COURT, EX OFFICIO RECORDER OF MORTGAGES AND CONVEYANCES,
PARISH OF JEFFERSON, STATE OF LOUISIANA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
December 24, 1998

Before REYNALDO G. GARZA, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:


I. FACTUAL AND PROCEDURAL BACKGROUND


In 1991, Phyllis Romaguera and two other employees of the

Jefferson Parish Clerk's Office ("plaintiffs") brought suit under

42 U.S.C. § 1983 against the Governor of Louisiana and Jon

Gegenheimer ("Gegenheimer"), in his official capacity as the Jefferson Parish Clerk of Court. The plaintiffs sought to enjoin the drug-testing policy at the clerk's office and to have Louisiana's statute regulating public-sector drug testing declared unconstitutional. The plaintiffs also requested attorneys' fees under 42 U.S.C. § 1988.

The plaintiffs filed a motion requesting that a temporary restraining order ("TRO") be issued and that the hearing on the preliminary injunction be consolidated with the trial on the merits for a permanent injunction. The district court granted the motion.

After the consolidated hearing and trial, the district court issued a permanent injunction enjoining the random drug-testing of a major portion, but not all, of the employees at the clerk's office. The district court concluded that it was unnecessary to reach the constitutionality of the Louisiana drug-testing statute. The court also dismissed the Governor of Louisiana as a defendant in the case.

Gegenheimer appealed the district court's judgment, contending that the parties did not realize that the preliminary-injunction hearing would be consolidated with the trial on the merits for a permanent injunction. On appeal, this Court vacated the district court's judgment and remanded for a trial on the merits. We concluded that the district court had modified its prior consolidation order in open court by agreeing to limit the

preceding to a preliminary-injunction hearing.  On remand, two of the plaintiffs were voluntarily dismissed, leaving Phyllis Romaguera ("Romaguera") as the sole plaintiff in the case.

After a trial on the merits, the district court entered final judgment enjoining the random drug-testing of Romaguera and declared that the random testing of specified groups of employees at the clerk's office was unconstitutional.  The district court's judgment was entered on May 6, 1996.

On May 16, 1996, Gegenheimer filed a motion for new trial, which the district court denied on September 27, 1996. Gegenheimer then unsuccessfully sought leave to file an out-of-time appeal.

On April 14, 1997, Romaguera filed a motion for attorneys' fees.  This filling occurred 343 days after the entry of final judgment and 199 days after the denial of Gegenheimer's motion for new trial.  Gegenheimer opposed Romaguera's motion as untimely under FED.R.CIV.P. (54)(d)(2).  The district court entered an order allowing Romaguera to proceed with her request for attorneys' fees.  The district court subsequently awarded Romaguera attorneys' fees in the amount of $57,272.09.  The district court then amended its judgment on joint motion of the parties so that it would accurately reflect a prior stipulation between the parties regrading attorneys' fees.  The amended judgment awarded Romaguera $54,165 in attorneys' fees and $3,272.09 in expenses.  Gegenheimer appealed to this Court.

## II. STANDARD OF REVIEW

There are two issues presented before this Court: (1) whether Romaguera's request for attorneys' fees was barred by FED.R.CIV.P. 54(d)(2); and (2) if it was not barred, whether the district court's award for attorneys' fees was excessive.

Section 1988 grants district courts discretionary authority to award reasonable attorneys' fees to prevailing parties in civil rights actions. *See* 42 U.S.C. § 1988(b). In resolving whether the request for attorneys' fees was timely we apply *a de novo* standard of review because resolution of the issue turns to a large extent on the district court's interpretation of Rule 54(d)(2). *See Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 827 (5th Cir. 1996)(reviewing *de novo* a district court's interpretation of the Federal Rules of Civil Procedure). The appropriate standard of review for resolving the second issue, whether the amount awarded for attorneys' fees was excessive, is reviewed for an abuse of discretion. *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994).

## III. DISCUSSION

Rule 54(d)(2) provides, in pertinent part:

> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

4

> (B) Unless otherwise provided by statue or order of the court, the motion must be filed and served no later than 14 days after entry of judgment . . . .

Accordingly, to be entitled to attorneys' fees, a party must (1) request attorneys' fees in its pleadings and (2) file a timely motion for attorneys' fees under Rule 54(d)(2) within fourteen days after the entry of final judgment. *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996). Unless modified by statute or court order, a party's failure to file a timely motion for attorneys' fees under Rule 54(d)(2) serves as a waiver of the request. *Id.*

A strict reading of Rule 54(d)(2) and this Court's decision in *United Industries, Inc.*, would seem to indicate that Romaguera waived her claim for attorneys' fees by failing to file a motion within fourteen days after the entry of final judgment. In *United Industries*, the prevailing party failed to raise the issue of attorneys' fees during litigation and failed to file a motion within fourteen days of entry of final judgment. *Id*. The issue was raised nearly a year after the entry of final judgment and this Court properly denied the party's request because it was untimely under Rule 54(d)(2). *Id.*

This Circuit has previously held that one of the key functions of Rule 54(d)(2) is to ensure that parties properly notify their counterparts of their requests for attorneys' fees.

*Id.* at 766,(citing FED.R.CIV.P. 54 advisory committee's note (subdivision (d)). Rule 54(d)(2) sets out the minimum requirements needed to effectuate a valid notice of the request. The failure to file the request would ordinarily result in a request being denied. However, a court may deem a notification sufficient if it satisfies the intended purposes of Rule 54(d)(2). *Id.*

In the case before us, the particular events that transpired excused Romaguera from having to file a motion for attorneys' fees. In its "Order and Reasons," accompanying its 1992 judgment, the district court acknowledged Romaguera's request by stating: "The plaintiffs have requested attorneys' fees under 42 U.S.C. § 1988. This shall be addressed at a separate hearing." The district court's 1992 judgment was subsequently vacated by this Court. Then on remand, the district court entered judgment in favor of Romaguera after holding a trial on the merits. In its "Findings and Conclusions on Remand," the district court again stated: "The plaintiffs have requested attorney's fees under 42 U.S.C. § 1988. This shall be addressed at a separate hearing."

We hold that the district court's acknowledgment of Romaguera's request served to notify opposing counsel of the request, thereby satisfying Congress' intended purpose under Rule 54(d)(2). Had the court not addressed the issue, or refrained

from giving the impression that a hearing would be scheduled by the court, Romaguera would have been required to file the motion under Rule 54(d)(2).  As a consequence of the court's acknowledgment of the request, however, a filing was not needed and the subsequent filing by Romaguera simply served as a reminder to the court that it had failed to set a hearing date.

Gegenheimer's second argument is that, if Romaguera did not waive her claim for attorneys' fees, the district court abused its discretion in failing to reduce Romaguera's fee award. Gegenheimer bases this upon (1) her unsuccessful defense of the district court's judgment during the interim appeal and (2) her limited success in the case.  In the district court, the parties stipulated that the total fees and expenses of Romaguera's counsel for the entire course of the litigation amounted to $57,437.09.  Gegenheimer does not dispute that Romaguera is a "prevailing party" under § 1988 or the reasonableness of the hourly rate charged by Romaguera's counsel.  He merely contends that Romaguera's fee award should have been reduced based upon the asserted grounds.

In awarding attorneys' fees, the district court is required to consider not only the product of the hours worked multiplied by the billing rate, but also whether the plaintiff failed on alternative claims and whether the award is excessive in light of the plaintiff's overall level of success.  *Hensley v. Eckerhart*,

7

461 U.S. 424, 434 (1983). When the plaintiff raises several claims and those claims involve a common core of facts or related legal theories, the district court need not attempt to divide counsel's hours among the claims. Instead, it should focus on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. at 435. The most critical factor in determining a fee award is the "degree of success obtained." *Id*. at 436. While counsel obtaining "excellent results" are entitled to a fully compensatory fee, those with limited success may not be. *Id*.

Regarding Gegenheimer's first assertion, that the plaintiff should not be compensated attorneys' fees for the interim appeal, we hold that the appeal was strategically sound in light of the confusion that occurred at the district court level concerning the preliminary hearing. Gegenheimer's second point, however, presents a problem and must be addressed in more detail.

In their complaint, Romaguera and the other two plaintiffs sought to enjoin Gegenheimer's entire drug-testing policy. The policy consisted of five categories of testing: (1) pre-employment; (2) post-accident; (3) random; (4) reasonable suspicion; and (5) return-to-duty. The plaintiffs also sought to have Louisiana's statute regulating public-sector drug testing declared unconstitutional. Finally, the plaintiffs sought class certification.

Romaguera dropped four of the five categories covered in the policy, the constitutional issue was dismissed by the court and Romaguera no longer sought class certification after the court's initial judgment was vacated.  The level of success to Romaguera's claim was limited to the issue on random testing.

In determining the proper award for attorneys' fees, a district court must determine what is a reasonable expenditure in light of the plaintiff's success.  *Id*. at 433.  In this case, the district court failed to discuss how the other points were relevant to Romaguera's random testing claim.  We conceded that random testing was the category most applicable to Romaguera.  However, we fail to see the justification for awarding attorneys' fees for the other claims.  Therefore, we conclude that the attorneys' fees award constituted an abuse of discretion by the district court.

## IV. CONCLUSION

Accordingly we AFFIRM the district court in its granting Romaguera's request for attorneys' fees.  We VACATE the amount of attorneys' fees awarded and REMAND this issue to the lower court, instructing it to award attorneys' fees consistent with this opinion.