Mohiuddin **YOUSUF**

v.

**UHS OF DE LA RONDE, INC.**

No. Civ.A. 97–0614.

United States District Court,
E.D. Louisiana.

June 11, 1999.

---

Ronald Lawrence Wilson, New Orleans, LA, for Plaintiff.

Ewell E. Eagan, Jr., Donna Phillips Currault, Marcy V. Massengale, Gordon, Arata, McCollam, Duplantis & Eagan LLP, New Orleans, LA, for Defendant.

## *ORDER AND REASONS*

LIVAUDAIS, District Judge.

Plaintiff Mohiuddin Yousuf ("Yousuf") has filed a motion for reconsideration of the Court's prior order finding that his initial motion for an award of attorney's fees was untimely and a second motion for attorney's fees and costs relating to the second and amended judgment. Defendant UHS of De La Ronde, Inc., now known as Chalmette Medical Center ("the Hospital"), opposes these motions.

On March 16, 1999, the jury returned a verdict for the plaintiff in this Title VII retaliation and national origin discrimination action, finding that the Hospital discriminated against the plaintiff on the basis of his national origin and retaliated against him for engaging in protected activity. The jury awarded plaintiff damages for mental anguish in the amount of $ 150,000 and for back pay in the amount of $ 21,500. The Court initially entered judgment in favor of plaintiff in the total amount of $ 171,500 on March 17, 1999.

Both parties filed post-trial motions. Plaintiff Yousuf filed a motion to amend the judgment to include an order of reinstatement or alternatively, an award of front pay and a motion for attorney's fees.

The defendant Hospital filed a motion for judgment as a matter of law on a number of grounds, or alternatively, for new trial or remittitur. The Court denied the plaintiff's motion for reinstatement and for front pay. The Court denied the defendant judgment as a matter of law on plaintiff's retaliation claim and his claim for national origin discrimination. The Court also denied the defendant's motion for judgment as a matter of law, new trial, and remittitur on mental anguish damages. However, the Court granted the defendant relief on its motion for remittitur on the back pay award, reducing the amount by $ 3,100, because the trial testimony established that the plaintiff's contribution to his 401(k) plan was deducted from his pay. Because he calculated his back pay as inclusive of the salary he earned at Chalmette Medical Center, less the earnings he accrued at other jobs at which he worked after his termination, awarding him the 401(k) contributions in addition to his lost wages amounted to a double recovery. The defendant requested this remittitur, and indeed, at oral argument on the motion, its counsel did not waive such claim, but upon specific inquiry by the Court about its motion relating to the 401(k) contributions, again suggested that it was a double recovery. The Court agreed and an amended judgment reducing the total award to plaintiff from $ 171,500 to $ 168,-400 was entered on May 11, 1999.

Plaintiff also filed a prior motion for attorney's fees and costs, which the Court denied on the basis that the motion was untimely. In the ruling denying the motion for attorney's fees, the Court stated that the Clerk's Office had advised that the judgment was entered on March 17, 1999 and faxed to plaintiff's counsel at approximately 2:00 p.m. that day. The information was incorrect. Records of the Clerk's office establish that the judgment was entered on the docket at 14:55 on March 17, 1999, which is 2:55 p.m. and faxed to plaintiff's counsel Ronald Wilson at 18:49 on March 17, 1999, which is 6:49 p.m. Plaintiff filed his motion on April 19, 1999. The

Court found that the motion for attorney's fees and costs was untimely based upon Federal Rule of Civil Procedure 54(d)(2), which requires that a motion seeking attorney's fees "must be filed and served not later than 14 days after entry of judgment". The Court also found that the plaintiff's request for costs was untimely as it was not filed within 30 days of receipt of judgment as is required by Local Rule 54.3, which requires that a notice of application of costs be filed "[w]ithin 30 days after receiving notice of entry of judgment, unless otherwise ordered by the court."

## Plaintiff's Motion for Reconsideration

■ Plaintiff now moves for reconsideration of the Court's finding that his initial motion for attorney's fees was untimely. He suggests that because the judgment was sent via facsimile to his office on March 17, 1999 at 6:49 p.m., after the office had closed, and he received it the following day, March 18, 1999, when he reported to work, the time period for filing his motion for attorney's fees should date from March 18, 1999. He also contends that Local Rule 54.3 of the Uniform Local Rules for the United States District Courts for the Eastern, Middle and Western Districts of Louisiana allows requests for attorney's fees to be filed "[w]ithin 30 days after *receiving* notice of entry of judgment," this Local Rule applies instead of Federal Rule 54(d)(2), extending the period for filing a motion seeking attorney's fees in this particular case to April 17, 1999, which was a Saturday. The first weekday following April 17, 1999 was April 19, 1999, which was the day plaintiff filed his motion for attorney's fees. Thus, plaintiff argues that L.R. 54.3 applies to attorney's fee applications, extends the time to 30 days after "receipt of notice of entry of judgment," and that the term "receipt of notice" means the actual date plaintiff or plaintiff's counsel learns of the entry of judgment.

In its initial consideration of the issue whether Local Rule 54.3 supplants the time period established in F.R.Civ.P. 54(d)(2), this Court held that under either rule, the plaintiff's motion was untimely as it was filed 33 days after entry of judgment on March 17, 1999. As noted in the previous ruling, Local Rule 54.3 states:

Within 30 days after receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred.

This rule does not contain the phrase "attorney's fees", but refers specifically to "costs", as does Local Rule 54.1, which allows for the taxation of juror costs in the event the clerk's office is not notified in sufficient time to advise jurors they need not attend.

F.R.Civ.P. 54(d) contains provisions for both *costs* and *attorney's fees,* which are two different items. Rule 54(d)(1), which governs costs other than attorney's fees, provides that:

Except when express provision therefore is made either in a statute of the United States or in these rules, *costs other than attorney's fees* shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such *costs* may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

(Emphasis added). This language complements that in L.R. 54.3, as it refers to "costs" and submission of an application to have "costs taxed" to the Clerk, who is the authority authorized by F.R.Civ.P. 54(b) to tax "costs". L.R. 54.3 also requires a memorandum signed by the attorney of record attesting to the correctness of the items and verifying that the "costs have been necessarily incurred." Similarly, L.R. 54.3.1, referring to L.R. 54.3, advises that "[t]he party applying for the taxation of *costs* shall notice the matter for hearing before the clerk."

In contrast, L.R. 54.2, which concerns attorney's fees, is captioned "Award of Attorney's Fees", states in pertinent part that:

In all cases where *attorney's fees* are sought, the party desiring to be awarded such *fees* shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed . . .

(Emphasis added). Thus, this article refers directly to attorney's fees and uses the term "fees", not "costs."

Two Fifth Circuit decisions have rather offhandedly concluded that L.R. 54.3 satisfies the clause of F.R.Civ.P. 54(d)(2)(B), i.e., "[u]nless otherwise provided by statute or order of the court," motions for attorney's fees must be filed and served not later than 14 days after entry of judgment. Neither discusses whether 54.3's reference to "costs" encompasses attorney's fees. The decision in *Jones v. Central Bank,* 161 F.3d 311, 312 (5th Cir.1998) provides that "Local Rule 54.3 requires a party to move for *fees* '[w]ithin 30 days after receiving notice of entry of judgment ...'". The decision assumes that the word "fees" is included within L.R. 54.3, when in fact it does not appear anywhere in that Rule. Likewise, the court in *Walker v. City of Bogalusa,* 168 F.3d 237, 239–40 (5th Cir. 1999) refers to the *Jones* case and accepts its pronouncement that L.R. 54.3 applies to attorney's fees, not simply to costs.

Plaintiff maintains that every court who has considered the question has determined that Local Rules satisfy the "unless otherwise provided by statue or order of the court." There is little doubt that Local

Rules, if they apply, may supplant F.R.Civ. P. 54(d)(2)'s 14 day time limitation for attorney's fee motions. The Ninth Circuit concluded quite reasonably that a Local Rule of the Central District of California which states that "[any motion or application for *attorney's fees* shall be served and filed within thirty (30) days after the entry of judgment or other final order" satisfied the "unless otherwise provided" prong of F.R.Civ.P. 54(d)]. *Eastwood v. National Enquirer, Inc.*, 123 F.3d 1249, 1257 (9th Cir.1997) (Emphasis added). Inasmuch as the words "attorney's fees" are included in the Local Rule, quite plainly it would supersede the Federal Rules' shorter time limit.

In the same manner, the Seventh Circuit held that Local Rule 54.1 of the Northern District of Indiana, which stated that "[e]xcept as otherwise provided by statute, rule, or court order, the parties shall have ninety (90) days from the entry of a final judgment against a party to file requests for the taxation of costs and for *assessment of attorney fees,*" was an order of the court for purposes of F.R.Civ.P. 54(d)(2)(B) and thus the time period for filing motions for attorney's fees was not later than 90 days from entry of judgment. *Johnson v. Lafayette Fire Fighters Assn.*, 51 F.3d 726, 728–29 (7th Cir.1995) (Emphasis added). While this is a perfectly reasonable conclusion, both this decision and the *Eastwood* decision begs the question presented to this court.

Upon further review of this issue, this Court finds that Local Rule 54.3 **does not** apply to attorney's fee motions because the words "attorney's fee or fees" or the word "fee" does not appear in the Rule, as it does in Local Rule 54.2. Instead, it is more logical to conclude that Local Rule

54.3 refers to "costs" as contemplated by F.R.Civ.P. 54(d)(1). To the extent the two Fifth Circuit decisions conflict with this finding, this Court concludes that they did not consider the issue raised here, but merely assumed that fees were within the purview of the rule and pondered the question whether a Local Rule satisfied the "unless otherwise provided clause" of Rule 54(d)(2) of the Federal Rules. To the extent that *Jones* and *Walker* stands for that proposition, this Court readily agrees.

■ Having so concluded, for purposes of remand, if Local Rule 54.3 did specifically refer to attorney's fees, this Court would maintain its finding that the motion was untimely. The phrase "[w]ithin 30 days after receiving notice of entry of judgment" must mean 30 days after the notice is physically received, whether by mail or facsimile transmission. It cannot mean when the attorney actually reads the notice, as such an interpretation could extend the time period for an unanticipated amount of days, in the event the notice was lost in counsel's office, mail was unopened, or an attorney or party was absent from the office for a number of days or months. Since the judgment was entered and sent by facsimile on March 17, 1999, regardless whether it was 2:00 a.m. on that date or 11:00 p.m., that is the day of receipt and the time period is calculated from that day for purposes of L.R. 54.3. Thus, in order to have met the 30 day requirement, the motion for attorney's fees had to be filed not later than April 16, 1999, a Friday. Plaintiff did not file his motion until April 19, 1999, a Monday. The motion for attorney's fees, and incidentally, the request for costs, as to the first judgment entered, was untimely.[1]

1. Plaintiff directs the Court to the decision of *Romaguera v. Gegenheimer*, 162 F.3d 893 (5th Cir.1998), which held that a motion for attorney's fees 343 days after entry of final judgment and 199 days after the denial of a motion for new trial was timely. The reason for such decision, of which this Court is well aware since it originated in this section, was

that the Court specifically stated in a written ruling that attorney's fees "shall be addressed at a separate hearing." 162 F.3d at 895. The *Romaguera* court observed that "[h]ad the court not addressed the issue, or refrained from giving the impression that a hearing would be scheduled by the court," the plaintiff would have had to file a timely motion

### Plaintiff's Second Motion for Attorney's Fees

■ An amended judgment was entered by the Court on May 11, 1999, awarding plaintiff Yousuf the sum of $ 168,400, a reduction from the previous judgment amount of $ 3,100, based upon a motion by defendant for remittitur. Plaintiff Yousuf filed a second motion for attorney's fees and costs on May 18, 1999, which was within the 14 day period set out in F.R.Civ.P. 54(d)(2) for filing motions for attorney's fees. Plaintiff has not noticed a motion for taxation of costs before the Clerk of Court, as specified in F.R.Civ.P. 54(d)(1) and Local Rule 54.3 and 54.3.1, although he did include a request for costs in the instant motion for attorney's fees. In his motion, plaintiff seeks attorney's fees in the amount of $ 84,466.00 pursuant to 42 U.S.C. § 1988 and costs in the amount of $ 3,617.43.

The threshold issue is whether the entry of an amended judgment opens a new time period for filing a motion for attorney's fees and costs. The Advisory Committee Notes to the 1993 amendments to Federal Rule 54(b) of the Federal Rules, which created the 14 day time period for filing attorney fee motions, provides some guidance on this question, as follows:

> A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal. **A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59.**

(Emphasis added).

Rule 59 concerns motions for new trial and amendment of judgments and allows the court to grant new trials upon motion of a party or on its own initiative.[2] As discussed in *Innovative Home Health Care v. P.T.-O.T. Associates*, 141 F.3d 1284 (8th Cir.1998):

> Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the

under Rule 54(d)(2). The mere request by plaintiff for attorney's fees in his complaint does not serve the same function and provide the same notice here as the Court's acknowledgment in *Romaguera*. *Romaguera* does not allow the plaintiff here to extricate himself from the requirements of a filing a timely motion for attorney's fees.

2. F.R.Civ.P. 59 reads as follows:

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

(b) Time for Motion. Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.
(c) Time for Serving Affidavits. When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.
(d) On Court's Initiative; Notice; Specifying Grounds. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.
(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.
1992

time period immediately following entry of judgment. [citations omitted]. Rule 59(e) motions serve a limited function of correcting " 'manifest errors of law or fact or to present newly discovered evidence.' " [citations omitted] Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. A case in which a timely Rule 59(e) motion has been filed lacks finality because the motion tolls the time limitation for appeal in order to provide the trial court with jurisdiction to resolve the motion. This "tolling process" encourages "both correctness and finality." *Jackson v. Schoemehl,* 788 F.2d 1296, 1298 (8th Cir.1986). *See also Sanders v. Clemco Indus.,* 862 F.2d 161, 170 (8th Cir.1988); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2821, at 220–21 (2d ed.1995).

The amendment of the judgment in this action occurred as a result of the defendant's motion for new trial under Rule 59 or for remittitur on the award of back pay. The Court granted the request, based upon the plaintiff's testimony that his 401(k) contributions were deducted from his pay. Because the jury awarded the plaintiff all lost wages along with the 401(k) contributions, it amounted to a double recovery.

It is plain that an amendment of the judgment under Rule 59 tolls the time limitation for appeal. *Innovative Home Health Care,* 141 F.3d at 1286. The Advisory Committee Notes to the 1993 amendment to Rule 54(b) unambiguously stated that "[a] new period for filing [attorney's fee motions] will automatically begin if a new judgment is entered following ... the granting of a motion under Rule 59." Defendant moved for new trial under Rule 59 on the back pay question, which was granted in the form of a remittitur. Under these circumstances, a new time period for filing attorney's fee motions begins with the entry of the amended judgment. The plaintiff's second motion for attorney's fees plainly falls within the 14 day time period specified by Rule 54(b)(2).

Further, the general rule was established in *Cornist v. Richland Parish School Board,* 479 F.2d 37 (5th Cir.1973) as to the effect of a second judgment for Rule 59 purposes, as follows:

> To decide when judgment was entered in this case insofar as Rule 59(b) purposes are concerned, we must refer to a general rule enunciated by a long line of judicial authority, that the second judgment prevails and begins the running of the 10–day limitation, if it is a superseding judgment making a change of substance which 'disturbed or revised legal rights and obligations.' [citations omitted]. However, if the Court does no more in the second judgment than make a clerical change, such as correct the names of parties or dates, the time for filing motions does not start to run from entry of the second judgment, but rather runs from the date of the first judgment. [citations omitted].

479 F.2d at 39. In the case *sub judice,* the amended judgment makes a change of substance as to both plaintiff and defendant, *i.e.* plaintiff is awarded $ 3,100 less than the previous judgment and defendant is cast in judgment for $ 3,100 less previously obliged under the former judgment. The amount of the judgment will affect the amount of the supersedeas bond, should either party appeal. The amended judgment here, under this criteria, is not merely a clerical change, but revises the legal rights of the parties. Thus, new periods for filing post-trial motions, including one for attorney's fees, are commenced with the filing of the amended judgment resulting from a Rule 59 motion for new trial filed by the Hospital.

After determining that the plaintiff's second motion for attorney's fees and costs was timely, the question becomes one of entitlement and quantity. Under 42 U.S.C. § 1988, the court in a civil rights

action brought under § 1981 and 1981a, which plaintiff brought his alienage discrimination claim under, may allow the prevailing party a reasonable attorney's fee as part of the costs. Similarly, pursuant to 42 U.S.C. § 2000e–5(k) (section 706(k) of Title VII of the Civil Rights Act), the court in its discretion may allow the prevailing party a reasonable attorney's fees. Ordinarily, a prevailing plaintiff should recover attorney's fees unless special circumstances render such an award unjust. *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). The Fifth Circuit established guidelines for the determination of attorney's fees in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), as follows:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or the circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client;

(12) Awards in similar cases.

488 F.2d at 717–19.

Plaintiff seeks a total fee for his services of $ 79,345.50 for 406.9 hours at an hourly rate of $ 195 per hour. In addition, he seeks a fee of $ 5,120.50 for 93.1 paralegal hours at an hourly rate of $ 55.00 per hour. Thus, the total lodestar amount sought is $ 84,466.00. He also seeks costs for such items as the filing fee, subpoena fees, deposition costs, copying costs, witness fees, and postage in the amount of $ 3,617.43.

■ The defendant Hospital has a number of complaints about both the bill for fees and the bill for costs. As to the bill for costs, the Hospital objects to the court reporter costs for the depositions of three witnesses, the cost of tab page organizers, binders, enlargements for trial, and duplication costs for the bench books and depositions, as well as the copy rate of $.25 per page, on the basis that they were not costs recoverable under 28 U.S.C. § 1920. As noted in the decision of *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 335 (5th Cir.1995), which originated in this section, "[a] district court may authorize the production of trial exhibits if doing so would 'facilitate the just, speedy, and inexpensive disposition of the action.'" The court here also noted that "[r]equiring the exchange of exhibits prior to trial does not imply authorization of production of those exhibits." *Id.* at 335. It should be noted that the trial in that complex antitrust and RICO matter lasted six weeks and involved thousands of pages of trial exhibits.

In the present case, defendant seeks exclusion of $ 233.21 for tab page organizers, binders, and enlargements for trial, and $ 499.00 for duplication costs of the exhibits for the bench books and depositions. Fees for copies necessarily obtained for use at trial and court reporter costs for depositions are included in 28 U.S.C. § 1920, and the court finds the cost of $.25 per page for copies reasonable under these circumstances. The other items, trial enlargements and bench book materials, are not expressly included in § 1920 and thus the request for reimbursement of the cost of these items must be denied. For costs, the amount recoverable by the plaintiff is $ 3,384.22.

As to attorney's fees, defendant raises a multitude of objections. These include objecting to 52.3 hours charged to pursue a

hostile environment claim, which was dismissed by the court, 13.9 hours spend to evaluate the case before suit was filed, asserting that 59 hours charged to oppose the summary judgment motion, and specific complaints about charges for hours worked that are excessive or duplicative, and for paralegal charges for clerical and administrative work, rather than paralegal work, which is chargeable to the case.

The defendant also suggests that the $ 195 hourly rate charged by plaintiff's counsel Wilson is excessive. Wilson has supported his attorney's fee motion with affidavits from two different attorneys, one with 15 years of practice and one with 17 years of practice, both of whom are experienced in the employment discrimination and civil rights fields. Both attest to the fact that $ 195 per hour for Wilson is reasonable for his services, as he has been in practice for 24 years and has litigated numerous cases in the fields of civil rights and public interest law. Wilson has indeed litigated many civil rights cases in this section of court.

 In reaching a decision on an appropriate fee, the Court is required to consider the *Johnson* factors as well as the defendant's objections. The first *Johnson* factor is the time and labor involved. The Court agrees that $ 195 is an appropriate hourly rate based upon familiarity with prevailing legal rates in the community and the submissions of counsel, but does find that the number of hours worked should be reduced. Almost 60 hours to respond to a motion for summary judgment is excessive for an attorney of Wilson's experience and knowledge in the field. While the Court does not doubt that Wilson actually spent that time on the memorandum, which was quite thorough, nevertheless neither the client nor the losing party should have to pay for all of that time. Without detailing each instance, the statement reveals instances of excessive hourly expenditures and accordingly, the total number of hours should be reduced.

 The second *Johnson* factor includes consideration of the novelty and difficulty of the legal questions. Plaintiff's counsel was faced with a formidable opponent who filed excellent and well-researched motions and memoranda and mounted a stiff defense to his claim. The legal questions involved were not painfully complex, but they did involve a significant amount of legal research and the trial necessitated a fair amount of preparation. Having noted this, one of the reasons the Court has approved a fairly high hourly rate for plaintiff's counsel is his experience and knowledge level in the civil rights and employment discrimination legal arena, and thus, he should not have required the same number of hours as a novice.

The third *Johnson* factor is the skill requisite to perform the legal service properly. The preparation and trial of this case necessitated discovery, legal research, trial skills, and an understanding of basic precepts of Title VII law. Plaintiff's counsel performed competently in motion practice and at the trial of the matter.

The next factor is the preclusion of other employment by the attorney due to acceptance of the case. No evidence was adduced on this point.

The fifth and sixth *Johnson* factors are the customary fee and whether the fee is fixed or contingent. Neither the plaintiff nor the defendant offered any observations or information on the customary fee in a civil rights action, or whether the fee in this particular case was fixed or contingent. In plaintiff personal injury cases, it is customary to charge a contingent fee ranging from 33% to 40%, and in cases where liability is highly questionable and the expenses to be advanced in pursuing the case particularly high, up to 50%. This is an employment discrimination case where the plaintiff may recover not only back and front pay, which are capable of mathematical calculation, but general damages for emotional distress. What Wilson customarily charges in employment discrimination cases, and what the fee ar-

rangement was with Yousuf is not of record.

The seventh factor to be considered involves any time limitations imposed by the client or circumstances. This factor is neutral as Wilson represented the plaintiff from the inception of the case and no unusual or onerous time schedules or deadlines were imposed by either the court or the situation.

The eighth *Johnson* factor requires review of the amount involved and the results obtained. While plaintiff did not succeed on a number of claims he asserted, as they were dismissed at the summary judgment stage, he achieved a very favorable monetary award on the two claims on which he did prevail. While the back pay award was modest, the jury awarded him all that he requested along with a significant amount of emotional distress damages.

The ninth factor in the analysis is the experience, reputation, and ability of the attorneys. This has already been discussed in the determination of an appropriate hourly fee. Plaintiff's counsel Wilson is experienced in the field of employment discrimination, is reputed to practice in that area, and is able to represent his clients competently and professionally. None of these qualities were lacking in his handling of the instant matter. His request for $ 195 per hour is supported by this factor.

There is no information of record that this case was "undesirable" in any manner or that the plaintiff and his client had a long-term professional relationship which existed beyond this suit. These two factors are neutral in this equation of adjusting the lodestar amount.

The final factor noted by *Johnson* is a review of awards in similar cases. No citations to other similar cases were advanced by either plaintiff or defendant in an effort to have the fee adjusted upward or downward.

The Court has painstakingly reviewed the attorney's fee application and thoughtfully considered each of the defendant's objections as well as the *Johnson* factors, in an effort to decide on a fee that is fair to plaintiff and his counsel, as well as to the defendant, who is being adjudicated the financial responsibility to pay for it. As previously noted, the Court finds that the $ 195 per hour rate for Wilson and $ 55 per hour rate for paralegal time is fair and reasonable for reasons stated herein. However, the number of hours of attorney time and paralegal time should be reduced to reflect appropriate deductions for clerical and administrative tasks, work on unsuccessful claims, and unnecessary or excessive work hours charged. Considering the totality of the circumstances, the Court finds a reduction in the hours charged of 33%, or one-third the total number of hours claimed, is appropriate, fair, reasonable and comports with the interests of justice.

Therefore, the total number of hours claimed by plaintiff's counsel Wilson for his time is 406.9. A 33% reduction results in a deduction of 134.27 hours, which subtracted from 406.9 totals 272.63. Multiplying the hourly rate of $ 195 times 272.63 hours yields a fee for Wilson's time of $ 53,162.85. Similarly, 93.10 paralegal hours sought, reduced by 33% (30.72), amounts to 62.38. Multiplying 62.38 hours by an hourly rate of $ 55 yields a total of $ 3,430.90. The fee for attorney time, $ 53,162.85, added to paralegal time, $ 3,430.90, totals $ 56,593.75.[3] Plaintiff shall be awarded attorney's fees $ 56,-593.75 and costs of $ 3,384.22.

*Conclusion*

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of plaintiff Mohiuddin Yousuf for reconsideration be and is hereby **DENIED**;

---

**3.** This approximates a contingency fee of 33%

on the plaintiff's total recovery of $ 168,100.

**492**

IT IS FURTHER ORDERED that the second motion of plaintiff Mohiuddin Yousuf for attorney's fees and costs be and is hereby GRANTED and that plaintiff be awarded attorney's fees totaling $ 56,-593.75 ($ 53,162.85 for attorney work and $ 3430.90 for paralegal work) and costs of $ 3,384.22.