Bill LUEDEKE, Plaintiff–Appellant,

Richard Nardone, Esq., Appellant,

v.

Alison MURRAY, Defendant,

**Village of New Paltz, Defendant–Appellee.**

No. 00–7895.

United States Court of Appeals, Second Circuit.

Feb. 16, 2001.

Jonathan C. Scott, Scott & Scott, LLP, Melville, NY, for appellants.

David L. Posner, McCabe & Mack LLP, Poughkeepsie, NY, for defendant-appellee.

Present VAN GRAAFEILAND, CALABRESI and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

In the United States District Court for the Northern District of New York (McAvoy, *Judge*), plaintiff-appellant Bill Luedeke prevailed, on a motion for summary judgment, in his claim that the Village of New Paltz had deprived him of property without due process of law by fining him for failing to clear the snow off of the public sidewalk near his home, and by adding the fines to his tax bill, all without adequate procedural safeguards. Upon learning that the parties expected to reach a settlement on the issue of damages, the district court on September 8, 1999 entered a judgment dismissing the action "without prejudice" to reinstatement within 30 days in the event that the parties failed to consummate the settlement. The judgment specifically directed the parties to exchange releases and to file a stipulation of discontinuance with the court. Such a stipulation was entered by the parties, and endorsed by the district court, on October 5, 1999; it expressly provided that "Plaintiff reserves the right, consistent with applicable court rules to file a motion seeking an award of attorneys' fees."

Nearly seven months later, on May 3, 2000, plaintiff moved for an award of attorneys' fees as a prevailing party under 42 U.S.C. § 1988. Defendant opposed the motion as untimely. The district court denied the motion on that ground, ruling

that the 14 day period to seek attorneys' fees ran from October 5, 1999, and therefore had expired on October 20, 1999. *See* Fed.R.Civ.P. 54(d)(2)(B). The court further noted that, to the extent the application for fees could be construed as a *post hoc* request for an extension of time under Rule 6(b), plaintiff had failed to make the requisite showing of an excusable basis for his delay.

Luedeke then filed a motion for reconsideration. The district court rejected the motion on a number of procedural grounds, but it also addressed the merits of plaintiff's contention that he should be released from the strictures of Rule 54(d)(2)'s 14-day time limit in view of the stipulation reserving his right to seek attorneys' fees. The court rejected plaintiff's contention that the stipulation should be read to provide an open-ended release from any limit on the time to seek payment of fees. Instead, it noted that the stipulation specifically made plaintiff's reservation of rights subject to "applicable court rules." It further observed that there was no inconsistency between reading the stipulation to incorporate the Rule 54(d) time limit and the fact that the stipulation was filed more than 14-days after judgment was entered. This was so, it found, because the 14-day period ran not from entry of the dismissal without prejudice but instead from the date on which real finality was achieved, when the stipulation was filed. *See Weyant v. Okst,* 198 F.3d 311, 314 (2d Cir.1999) (holding that the Rule 54(d)(2) time limit runs from that decision "conclusively determin[ing] the rights of the parties to the litigation and leav[ing] nothing for the court to do but execute the order"). For the same reasons, the stipulation could not be read as a waiver by defendant of its right to enforce the 14-day limit.

We have little to add to the district court's analysis, and we affirm for substantially the reasons it gave. We note that, on appeal, appellants have continued to offer no explanation for the delay in seeking fees, and that the authorities on which they rely are readily distinguishable. *See Romaguera v. Gegenheimer,* 162 F.3d 893, 895 (5th Cir.1998) (affirming district court's grant of a fee motion filed well beyond the 14-day deadline, where the district court had previously stated that a fee request was pending and a hearing would be scheduled); *Walker v. Coughlin,* 909 F.Supp. 872, 875 (W.D.N.Y.1995) (granting fee request filed four years after judgment in 1991, before the effective date of the amendment to Rule 54 establishing the 14 day time limit). Based upon these facts, we find that the district court did not abuse its discretion in declining to excuse plaintiff's late filing.

We have considered all of appellants' arguments and find them to lack merit. Accordingly, we AFFIRM.