DUHÉ, Circuit Judge:
Dewey Jones appeals the district court’s award of attorney’s fees and costs to Central Bank, claiming that the motion was untimely. Jones also appeals the district court’s denial of his motion to reconsider the award. Because Central Bank’s motion was timely, we affirm.
I. Background
Dewey Jones sued Central Bank and Jo Ann Pickering for Employee Retirement Income Security Act and federal securities law violations. The defendants’ answer claimed that they were entitled to attorneys’ fees under 29 U.S.C. § 1132(g)(1). The district court granted Central Bank and Pickering partial summary judgment, dismissing all claims against Pickering and some claims against Central Bank. After a bench trial on the remaining claims, the court ruled in Central Bank’s favor. The court signed a judgment dismissing Jones’ claims with prejudice on July 16, 1997 (entered July 17, 1997). On August 1, 1997, 15 days after the entry of judgment, Central Bank moved for costs and attorneys’ fees under § 502(g)(1). Jones opposed the motion as untimely under Federal Rule of Civil Procedure 54(d)(2)(B). The trial court granted the motion. Jones moved for reconsideration of the judgment under Federal Rule of Civil Procedure 59(e), claiming that the court had failed to address the timeliness issue. The judge denied Jones’ motion to reconsider, and granted Central Bank an extension of time in which to move for attorney’s fees. Jones appeals the grant of Central Bank’s motion for costs and fees, and the denial of his motion to reconsider.
II. Standard of Review
We review the court’s decision to grant attorneys’ fees under § 502(g)(1) for abuse of discretion. See Wegner v. Standard Ins. Co., 129 F.3d 814, 820-21 (5th Cir.1997). We also review denial of Rule 59(e) motions for abuse of discretion. See Martinez v. Johnson, 104 F.3d 769, 771 (5th Cir.1997).
Central Bank moved for attorneys’ fees 15 days after entry of judgment. Under revised Rule 54(d)(2)(B), “[ujnless otherwise provided by statute or order of the court, the motion [for attorneys’ fees] must be filed and served no later than 14 days after entry of judgment....” Fed.R.Civ.P. 54(d)(2)(B) (emphasis added). Local Rule 54.3 requires a party to move for fees “[w]ithin 30 days after receiving notice of entry of judg- *313 ment____” Unif. Local R. U.S. Dist. Cts. E., M., W. Dists. La 54.3. A local rule must be adopted by a majority of the district judges and followed by all, see 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 3153 (2d ed.1997), in effect serving as a standing order within the district, see Johnson v. Lafayette Fire Fighters Ass’n Local 472, Int’l Ass’n of Fire Fighters, AFL-CIO-CLC, 51 F.3d 726, 729 (7th Cir.1995). Therefore, the local rule is a court order satisfying the “unless” clause of Federal Rule 54(d)(2)(B). See id. Further, in a pre-revision case, the Supreme Court explicitly noted that jurisdictions may have “valid local reasons for establishing different time limits [for filing for attorneys’ fees],” and acknowledged district courts’ ability to establish timeliness standards by local rule. White v. New Hampshire Dep’t of Employment Sec., 455 U.S. 445, 454 n. 16, 454, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Neither the rule’s language nor the Advisory Committee Notes require uniform time limits or strip district courts of their ability to set these limits by local rule. Since the motion was timely under the local rule, and therefore under the “unless” clause of the Federal Rule, the district court did not abuse its discretion in granting Central Bank’s motion for attorneys’ fees.[1]
The district court did not abuse its discretion in denying Jones’ motion for reconsideration of the attorneys’ fees award based on the untimeliness of Central Bank’s motion, because Central Bank’s motion was indeed timely.
AFFIRMED.

. Even if Local Rule 54.3 is not considered a court order for purposes of Federal Rule 54(d)(2)(B), the district court has broad discretion to expand filing deadlines under Fed.R.Civ.P. 6(b). See Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (1995). Jones had notice that Central Bank might seek attorneys’ fees and costs since Central Bank asserted in its answer to Jones' complaint its entitlement thereto. Accepting Central Bank's motion one day late would not constitute abuse of discretion. See id. at 360-67 (holding that the district court did not abuse its discretion by accepting a summary judgment motion filed one day late).