IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50189
Summary Calendar
_____

ELIZABETH T LEWIS,

      Plaintiff-Appellant,

  v.

20TH-82ND JUDICIAL DISTRICT JUVENILE PROBATION DEPARTMENT,

      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(W-98-CV-301)
_____

July 29, 1999

Before KING, Chief Judge, and POLITZ and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-appellant Elizabeth T. Lewis appeals the district
court's grant of defendant-appellee's motion for summary judgment
on plaintiff-appellant's claims that she was terminated because
of her national origin/race, sex, and age.  She also appeals the
district court's denial of two subsequent motions brought
pursuant to Federal Rules of Civil Procedure 59 and 60.  We
affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff-appellant Elizabeth T. Lewis, an Hispanic female over forty years of age, worked as a probation officer in the Cameron, Texas office of defendant-appellee 20th-82nd Judicial District Juvenile Probation Department (defendant or the Department).  She was hired by Debra Dillenberger, the Chief Juvenile Probation Officer for the Department, in September 1990.  Seven years later, in August 1997, Pete Ortega, Dillenberger's second-in-command, informed Lewis of her termination per Dillenberger's instructions.

According to Lewis, she was fired because of her national origin/race, sex, and age.  She filed a discrimination charge with the Equal Employment Opportunity Commission in March 1998 and was issued a right to sue letter.  Lewis thereafter filed a complaint in the United States District Court for the Western District of Texas, Austin Division, on June 25, 1998, alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.

On December 11, 1998, defendant filed a motion for summary judgment.  Defendant's summary judgment evidence consisted of the affidavits of Dillenberger and Ortega and Lewis's responses to interrogatories.  On January 7, 1999, defendant filed an unopposed motion to extend the discovery deadline for the purpose of awaiting the district court's rulings on the motions currently pending before the court.  In its motion, defendant stated that

the expected rulings could obviate the need for depositions or clarify the areas in which further discovery might be necessary. The district court granted the motion on January 11, 1999, and extended the discovery deadline until February 28, 1999.

On January 19, 1999, the district court granted defendant's motion for summary judgment and also entered a take-nothing judgment in defendant's favor. In ruling upon defendant's summary judgment motion, the district court reasoned that even if Lewis had established the elements of her prima facie case, which the court believed she had failed to do, Lewis had not carried her burden of proving that defendant's stated reasons for her termination were a pretext for discrimination. According to the court, defendant had articulated sufficient legitimate reasons for Lewis's termination and Lewis had not offered any evidence beyond her own subjective beliefs that her termination was the result of unlawful discrimination.

On February 2, 1999, Lewis filed motions pursuant to Federal Rules of Civil Procedure 59 and 60, seeking a new trial and relief from the judgment on the grounds that the district court should consider evidence that was not previously available, that the district court's prior judgment was against the weight of the evidence, and that discovery had yet to be completed at the time of the district court's ruling. The district court denied the motions on February 12, 1999. On February 19, 1999, Lewis filed her notice of appeal.

## II. STANDARD OF REVIEW

3

We review a district court's grant of a motion for summary judgment de novo, applying the same standards as the district court.  See Ellison v. Connor, 153 F.3d 247, 251 (5th Cir. 1998); Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  We review a district court's ruling on a Rule 59 or Rule 60 motion for abuse of discretion.  See Jones v. Central Bank, 161 F.3d 311, 312 (5th Cir. 1998); Samaras v. America's Favorite Chicken Co. (In re Al Copeland Enters., Inc.), 153 F.3d 268, 271 (5th Cir. 1998), cert. denied, 119 S. Ct. 1251 (1999).

### III.  DISCUSSION

On appeal, Lewis contends that the district court erred in granting summary judgment to defendant and in denying her Rule 59 and 60 motions because, according to Lewis, there was sufficient evidence on the record, and in the additional affidavits presented to the court in connection with her Rule 59 and 60 motions, to create a genuine issue of material fact as to whether defendant had a legitimate, non-discriminatory reason for terminating Lewis and whether discrimination motivated defendant's decision.  She further contends that the district court should have delayed its ruling on defendant's summary judgment motion until the close of discovery because deposition

4

testimony would have been helpful in clarifying the issues.  We examine each of the district court's rulings in turn.

## A.  Summary Judgment Motion

To establish a case of discriminatory discharge under either Title VII or ADEA, the plaintiff is first required to satisfy the elements of a prima facie case under the applicable statute.  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 2746-47 (1993); Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 992 (5th Cir. 1996) (en banc).  Under Title VII, a prima facie case consists of a showing that the plaintiff is a member of the protected class, that she was qualified for the position from which she was discharged, that she was discharged, and that the employer filled the position after her discharge with someone outside the protected class.  See Hicks, 113 S. Ct. at 2747.  To establish a prima facie case under ADEA, the plaintiff must show that she was discharged, that she was qualified for the position, that she was within the protected class at the time of her discharge, and that she was either replaced by someone younger or otherwise discharged because of age.  See Rhodes, 75 F.3d at 992; Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 957 (5th Cir. 1993).  Once the plaintiff has established a prima facie case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the termination.  See Hicks, 113 S. Ct. at 2747; Rhodes, 75 F.3d at 992-93; Bodenheimer, 5 F.3d at 957.  If the defendant satisfies this burden, the plaintiff must prove by a preponderance of the evidence that the defendant's reasons

5

are pretextual and that discrimination actually motivated the termination.  See Hicks, 113 S. Ct. at 2747-48; Rhodes, 75 F.3d at 993-94; Bodenheimer, 5 F.3d at 957.

In its summary judgment motion, defendant presented competent summary judgment evidence that Lewis's poor performance was the reason for her termination.  Specifically, defendant offered evidence describing a number of incidents in which, inter alia, Lewis had failed to follow instructions, had failed to keep appointments with probationers, was warned that her cases were pending for too long, had failed to hold required meetings, had attempted to deceive her supervisors about the fact that she had failed to hold one particular meeting, and had misled her supervisors about the status of an aggravated assault case.

Although Lewis challenges the validity of defendant's proffered reasons for her termination, as the district court found, she has failed to present sufficient evidence from which to conclude that defendant's reasons for her termination are a pretext and that discrimination actually motivated the termination.  Simply put, even if the reasons given are not the real reasons defendant terminated Lewis, there is no evidence, apart from Lewis's assertions, that her national origin/race, sex, or age lay behind her termination.

As evidence of national origin/race discrimination, Lewis's sole contention is that she is Hispanic and Dillenberger is white.  This is insufficient to establish pretext.  See Hicks, 113 S. Ct. at 2747-48; see also Faruki v. Parsons S.I.P., Inc.,

6

123 F.3d 315, 320 n.3 (5th Cir. 1997) ("Where . . . the same actor hires and fires an employee, an inference that discrimination was not the employer's motive in terminating the employee is created.") (citing <u>Brown v. CSC Logic, Inc.</u>, 82 F.3d 651, 658 (5th Cir.1996)).

Similarly, Lewis has failed to put forth sufficient evidence to establish that defendant terminated her because of her sex. Her only contentions regarding this claim are that she received word of her termination from a male, Ortega, that Ortega was "resentful of [Lewis's] professional reputation and professional competence," that "Ortega as a male felt a need to impose his dominance as a male over [Lewis] in the workplace," and that Dillenberger and Ortega's dislike of her husband, the county attorney, caused them to target Lewis for discrimination. Even were these conclusory assertions sufficient, the uncontradicted summary judgment evidence establishes that it was Dillenberger, not Ortega, who was responsible for the decision to discharge Lewis.[1] Therefore, Ortega's alleged dislike of Lewis because of her sex could not have influenced the decision to fire Lewis, and there is no evidence that Lewis's sex motivated Dillenberger, who is herself a woman. <u>See</u> <u>Faruki</u>, 123 F.3d at 320 n.3; <u>Brown</u>, 82

---

[1] Lewis argues that the summary judgment evidence does not establish that Dillenberger made the decision to terminate Lewis because Dillenberger's own affidavit states "On August 12, 1997, Mr. Ortega fired Mrs. Lewis." However, Dillenberger's affidavit also states "On August 12, 1997, I instructed Pete Ortega . . . to inform Mrs. Lewis that her employment with the Department was terminated. This decision was made by me, and I had Mr. Ortega communicate this to Mrs. Lewis because I was out of town."

F.3d at 658.

Moreover, Dillenberger and Ortega's alleged dislike of Lewis's husband does not establish that the Department's decision to terminate Lewis was based on Lewis's sex. Although discrimination against married women is unlawful under Title VII, Lewis has presented no evidence that she was treated differently than married men in her office were treated. See Coleman v. B-G Maintenance Management of Colorado, Inc., 108 F.3d 1199, 1203 (10th Cir. 1997) ("Title VII not only forbids discrimination against women in general, but also discrimination against subclasses of women . . . . [However,] the plaintiff must still prove that the subclass of women was unfavorably treated as compared to the corresponding subclass of men."). At best, Lewis's allegations might establish that she was terminated because her supervisors did not like her husband. However, Lewis has presented no evidence from which to conclude that she was terminated specifically because she is a married woman. See id. ("To be actionable, . . . gender-plus discrimination must be premised on gender."). In other words, Lewis has not shown that it was her sex in addition to her marital status that motivated her termination. Her claim of discriminatory discharge based on her sex therefore fails.

Finally, Lewis has failed to put forth sufficient evidence to establish that her age motivated defendant's decision to terminate her. Her only allegation with respect to this claim is that defendant replaced her with someone younger than forty years

8

of age.  Defendant counters that both Dillenberger and Ortega are over the age of forty and that defendant employs a significant percentage of workers who are over forty, and did so at the time of Lewis's employment.  Lewis has failed to meet her burden of presenting evidence from which a rational factfinder could infer that age motivated her termination.  See Rhodes, 75 F.3d at 994 ("The employer, of course, will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory.").

In sum, "[i]t is more than well-settled that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate non-discriminatory reason."  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).  Defendant has set forth sufficient non-discriminatory reasons for Lewis's termination and Lewis has failed to present evidence that raises an inference that discrimination was the true motivation for defendant's decision.  The district court therefore did not err in granting defendant's motion for summary judgment.

## B.  Rule 59 and 60 Motions

In bringing her motions under Rules 59 and 60, Lewis argued that she had new evidence, not available previously, that would lead the court to decide defendant's summary judgment motion differently.  This evidence consists of three affidavits—Lewis's own affidavit, that of her husband, and that of a co-worker.   In

9

ruling on a motion for a new trial, "[w]hen a party offers alleged newly-discovered evidence, the district court should consider whether the omitted evidence was available to the moving party prior to the time for filing his response to the summary judgment motion." Becerra v. Asher, 105 F.3d 1042, 1047 n.20 (5th Cir.), cert. denied, 118 S. Ct. 82 (1997); see Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). Similarly, Federal Rule of Civil Procedure 60 allows for relief from a judgment upon the movant's proffer of newly discovered evidence that could not have been discovered earlier. See FED. R. CIV. P. 60(b) ("[T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ."). Clearly, the three affidavits proffered by Lewis—her own, her husband's, and a co-worker's—were readily available to Lewis prior to filing her response to defendant's summary judgment motion. Lewis has made no showing to the contrary. In any event, the affidavits contain nothing that would raise an inference that defendant terminated Lewis because of her national origin/race, sex, or age. Thus, the district court did not abuse its discretion in denying Lewis's motions under Rules 59 and 60.

Lewis further contends that the district court should have postponed its ruling on defendant's summary judgment motion until the completion of discovery because the deposition testimony of

10

Dillenberger, Ortega, and two state judges was necessary to verify the affidavits submitted by the Department and "to explore whether facts other than related by them were involved in the case." Defendant counters that it brought its unopposed motion to extend the discovery deadline for the express purpose of delaying oral depositions until <u>after</u> the district court had ruled on the dispositive motions then pending before it.

We review a district court's decision to preclude further discovery prior to granting summary judgment for abuse of discretion. <u>See</u> <u>Exxon Corp. v. Crosby-Miss. Resources, Ltd.</u>, 40 F.3d 1474, 1487 (5th Cir. 1995); <u>Wichita Falls Office Assocs. v. Banc One Corp.</u>, 978 F.2d 915, 918 (5th Cir. 1992). The party seeking additional discovery must: "(1) request extended discovery prior to the district court's ruling on summary judgment, (2) place the district court on notice that further discovery pertaining to the summary judgment is being sought, and (3) demonstrate to the district court how the requested discovery pertains to the pending motion." <u>Exxon Corp.</u>, 40 F.3d at 1487. Lewis did not seek a continuance of the district court's summary judgment ruling, and, as the district court noted, she did not identify what information might be revealed by further discovery or how such information would support her claims or defeat defendant's summary judgment motion. Thus, the district court did not abuse its discretion in deciding defendant's summary judgment motion prior to the close of discovery.

### IV. CONCLUSION

11

For the foregoing reasons, we AFFIRM the judgment of the court, which granted summary judgment to defendant, and AFFIRM the district court's denial of plaintiff's motions brought under Rules 59 and 60 of the Federal Rules of Civil Procedure.