United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10004
Summary Calendar

JEFFREY D. WESTBROOK,

Plaintiff-Appellant,

versus

ROBERT R. TREON, Senior Warden; JAMES
D. MOONEYHAM, Assistant Warden; RICHARD
E. WATHEN, Assistant Warden; LEE A. SPEARS,
Law Library Supervisor; ROY MONROE; Law
Library Officer; GARY JOHNSON, Texas Department
of Criminal Justice, Executive Director; JANIE
COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION, FRANK HOKE,
Texas Department of Criminal Justice, Access
to Courts Director; JOHN M. MORIARTY, Texas
Department of Criminal Justice, Inspector
General; JOHN DOE, Texas Department of Criminal
Justice, Region V. Director,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-222-R
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jeffrey Westbrook, Texas prisoner # 670281, appeals the

district court's dismissal as frivolous of his 42 U.S.C. § 1983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

action. He has moved to supplement his appellate brief. This motion is GRANTED as to Westbrook's request to add copies of his personal grievances that he had filed; the motion is otherwise DENIED.

Westbrook contends that he set forth a meritorious claim regarding the defendants' denial of his access to the courts through the denial of access to the law library and legal materials. Because Westbrook has not shown an actual injury through prejudice as a litigant, he is not entitled to relief on this ground. See Lewis v. Casey, 518 U.S. 343, 349-51 (1996). Westbrook also alleges that he was denied access to legal materials in retaliation for filing grievances. As he has alleged a "chronology of events from which retaliation may plausibly be inferred," he has presented a colorable claim under 42 U.S.C. § 1983. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The district court's judgment is therefore VACATED as to Westbrook's claim that defendants Treon, Mooneyham, Watham, Spears, and Monroe retaliated against him for filing a grievance by denying him access to the law library and to legal materials. As Westbrook does not allege personal involvement by the other defendants as to this claim, he is not entitled to relief against them. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Westbrook maintains that the district court should have ordered the defendants not to seize or destroy his personal law books, as they had threatened to do. Verbal threats do not rise

to the level of a constitutional violation.  See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002).  To the extent that Westbrook's personal possessions have been seized, his proper remedy is in the state courts.  See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995); Sheppard v. Louisiana Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989).  Westbrook's allegation that the threats and seizures were made for retaliatory purposes are conclusional and do not set forth a chronology establishing retaliatory motivations.  See Woods, 60 F.3d at 1166.

Westbrook contends that the district court did not rule on the merits of his claims presented during the Spears hearing. The court did conclude that Westbrook's challenges to the conditions of his confinement were without merit.  Moreover, Westbrook cannot show that the district court abused its discretion in denying relief on these claims.  Westbrook's allegation that other prisoners were denied the right to possess photographs does not establish that Westbrook was denied a constitutional right.  42 U.S.C. § 1983.  Westbrook's allegation that the defendants tampered with his legal mail is frivolous; he admits that the "legal mail" in question did not in fact involve a legal issue.  As for Westbrook's assertion that he was not allowed to see the evidence supporting his placement in a security threat group and that he was required to undergo Christian-based training to renounce his threat group status, he has presented evidence establishing that he did not exhaust his

remedies with respect to these claims before they were presented. See 42 U.S.C. § 1997e(a). Because Westbrook did not exhaust his remedies as to this claim, the judgment of the district court is MODIFIED to reflect that the dismissal of these claims is without prejudice. The district court did not abuse its discretion in denying Westbrook's motion to amend or his motions for reconsideration. See Jones v. Central Bank, 161 F.3d 311, 312 (5th Cir. 1998); Briddle v. Scott, 63 F.3d 364, 379 (5th Cir. 1995).

Westbrook asserts that the district court abused its discretion in denying relief on his challenges to his prison disciplinary proceedings. Westbrook has not established that he suffered a constitutional violation in his placement in punitive administrative segregation. See Sandin v. Conner, 515 U.S. 472, 474, 485 (1995); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Westbrook also contends that the disciplinary case was brought to retaliate against him for filing the instant lawsuit. As he admits to having used questionable language in his grievance, he has not shown that the disciplinary action would not have been filed but for a retaliatory motivation. Woods, 60 F.3d at 1166.

Westbrook's two motions for temporary restraining orders are DENIED. FED. R. APP. P. 8(a)(1)(C); Greene v. Fair, 314 F.2d 200, 202 (5th Cir. 1963). Westbrook has not shown extraordinary circumstances warranting the appointment of counsel, and this

motion is also DENIED.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED IN PART; VACATED AND REMANDED IN PART; JUDGMENT MODIFIED IN PART; MOTION TO SUPPLEMENT APPELLATE BRIEF GRANTED IN PART; MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR TEMPORARY RESTRAINING ORDERS DENIED.