# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

Lyle W. Cayce
Clerk

No. 10-10394
Summary Calendar

BRUCE LEIPZIG, M.D.,

> Plaintiff-Appellant
> Cross-Appellee,

versus

PRINCIPAL LIFE INSURANCE COMPANY,

> Defendant-Appellee
> Cross-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 6:09-CV-36

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10394

We remanded for the district court to explain its denial of attorney's fees to Principal Life Insurance Co. ("Principal"). *Leipzig v. Principal Life Ins. Co.*, No. 10-10394, 2010 U.S. App. LEXIS 24396, at \*18 (5th Cir. Nov. 29, 2010). In its prompt response, the court explained that it "could not make a determination of the reasonableness or necessity of Principal's attorney fees" because "no amount was requested, much less supported by affidavits" at the time of summary judgment. *Leipzig v. Principal Life Ins. Co.*, No. 6:09-CV-36, slip op. at 2 (N.D. Tex. Nov. 30, 2010). Principal's summary judgment brief and reply brief to the district court, however, both stated that it intended to seek attorney's fees through a post-judgment motion. Appellant's Br. 49; R. 337, 839 n.31. And in response to Principal's summary judgment motion, plaintiff Bruce Leipzig agreed that attorney's fees should be addressed post-judgment. Appellant's Br. 49; R. 543.

The district court reasoned that it "was not bound by the parties' agreement" and therefore could *sua sponte* deny attorney's fees at the summary judgment stage, because the parties had not submitted the materials required for it to consider whether to grant the fees. *Leipzig*, No. 6:09-CV-36, slip op. at 2. Although ERISA gives the district court discretion to award reasonable attorney's fees, 29 U.S.C. § 1132(g)(1) (2006), we review its decision for abuse of discretion. *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir. 1995) (White, J.). Motions for fees under ERISA are subject to the time limits set forth in Federal Rule of Civil Procedure 54. *See Jones v. Cent. Bank*, 161 F.3d 311, 312 (5th Cir. 1998). Rule 54(d)(2)(B) says, "Unless a statute or a court order provides otherwise, the motion [for attorney's fees] must: (i) be filed no later than 14 days after the entry of judgment . . . ." The motion must "specify the judgment . . . entitling the movant to the award," *id.*, suggesting that an attorney's fee motion would normally

No. 10-10394

be filed after the entry of judgment so that the judgment could be specified.[1]

The district court points to no order that required the parties to file their motions for attorney's fees before a decision on summary judgment. The district judge's own motion practice rules do not specify when fee motions must be made.[2] If anything, those rules suggest that such motions are not due at the summary judgment stage, because motions for summary judgment and fee applications are addressed in different subsections (II.A.1 and II.A.4.b, respectively). *Id.* It was an abuse of discretion for the district court to deny attorney's fees for failure to file the required materials where no statute or court order gave notice that the motions for fees were due earlier than rule 54(d)(2)(B)(i) requires.[3]

The district court also noted that, in any event, it appropriately denied fees at the summary judgment stage because Principal did not subsequently file a post-judgment motion for fees. *Leipzig*, No. 6:09-CV-36, slip op. at 2. That is error that amounts to abuse of discretion: The reason Principal did not file a post-judgment motion is that fees had already been denied. We therefore REVERSE the denial of attorney's fees and REMAND for further proceedings as needed.

---

[1] Whether, and if so, in what circumstances, a pre-judgment motion would be proper is not at issue here.

[2] *See* Sam R. Cummings, *Requirements for District Judge Sam R. Cummings*, *available at* http://www.txnd.uscourts.gov/judges/scummings_req.html (last visited Dec. 3, 2010).

[3] *Cf. Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006) (holding that district court abused its discretion because it did not impose a cut-off date on the plaintiffs to refile their premature attorney's fees applications and then dismissed those applications as untimely).