# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2022

Lyle W. Cayce
Clerk

No. 20-60722

Robert J. Thomson,

*Plaintiff—Appellant*,

*versus*

Grillehouse of Southaven, L.L.C., *a Mississippi Limited Liability Company*; Mr. Clinton L. Boutwell, *member of Grillehouse of Southaven, L.L.C. and Individually*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 3:18-cv-00195

Before Wiener, Graves, and Duncan, *Circuit Judges*.

Per Curiam:*

After accepting offers of judgment to settle claims under the Fair Labor Standards Act, the plaintiff moved for attorneys' fees. The district court denied the motion as untimely under Federal Rule of Civil Procedure

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60722

54, which provides that a fee motion "must be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). The district court erred. As the court itself subsequently recognized, due to an oversight, judgment on the accepted offers had not been entered as required by the federal rules. *See* Fed. R. Civ. P. 68(a). The plaintiff's fee motion was therefore timely. We reverse and remand.

I.

Plaintiff Robert Thomson sued Defendants[1] for violating the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 201 *et seq.* Representing a group of current and former employees suing collectively, Thomson alleged failure to pay adequate minimum and overtime wages as well as retaliation. After settlement discussions, Defendants served Thomson with individual settlement offers. They included wages owed, liquidated damages, and a declaratory judgment, as well as "statutory costs and reasonable attorney fees to be determined by the Court." Thomson and the opt-in plaintiffs accepted these offers on October 16, 2019, notifying the court the next day.

A few days later, Thomson's counsel asked Defendants' counsel how attorneys' fees would be resolved. Defendants' counsel responded that Thomson would need to file a motion if the parties could not agree, which he thought likely. On October 21, the district court issued an order captioned "Judgment Dismissing Action By Reason of Settlement," which dismissed the case without prejudice. The order specified that the court "retain[ed] jurisdiction for 30 days to vacate this order and to reopen this action upon good cause shown that further litigation is necessary." Neither the clerk nor the court entered judgment at this time.

---

[1] Defendants are Grillehouse of Southaven, L.L.C. and its owner Clinton Boutwell.

No. 20-60722

On November 4, Thomson's counsel emailed the court to ask what they should do to pursue attorneys' fees. The clerk responded the same day that any request "should be made by written motions." The parties' counsel continued to negotiate fees, to no avail. On November 25, Thomson sent Defendants a motion to approve the settlement. Defendants responded that the court no longer had jurisdiction because the 30-day period specified in its dismissal order had lapsed. Thomson then filed the motion with the court on December 5, along with a motion for relief from judgment. Five days later, on December 10, Thomson filed a motion for attorneys' fees.

The court denied these motions some eight months later on July 8, 2020. As relevant here,[2] the court explained that its without-prejudice dismissal was a final judgment, and that Thomson failed to move for fees within fourteen days of that judgment as required by Federal Rule of Civil Procedure 54(d)(2)(B)(i). Additionally, because the clerk had not entered judgment at the time of the dismissal, the court ordered the clerk to now do so "correctively." Specifically, the court stated that "such action on the part of the clerk . . . will not be deemed by the court to reopen the case . . . ."

On appeal, Thomson contests the denial of his motion for attorneys' fees, a decision we review for abuse of discretion. *Davis v. Credit Bureau of the South*, 908 F.3d 972, 975 (5th Cir. 2018) (per curiam). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *CenterPoint Energy Hous. Elec. LLC v. Harris Cnty. Toll Rd. Auth.*, 436 F.3d 541, 550 (5th Cir. 2006) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)).

---

[2] Thomson does not appeal the denial of his motion to approve the settlement.

No. 20-60722

## II.

Thomson argues the district court abused its discretion by denying his fee motion as time-barred. He points out that, when a party files an accepted offer of judgment, "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a). In turn, a party may move for attorneys' fees "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). But here, Thomson argues, the clerk failed to enter judgment at the time of the dismissal, and so the 14-day window to move for fees did not open at that time. In light of that, he argues that the district court abused its discretion by denying his fee motion as untimely. We agree.

Rule 68's directive that the clerk enter judgment of an accepted settlement offer is compulsory. *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 370 (5th Cir. 2004) ("The court generally has no discretion whether or not to enter the judgment."). As we have explained, "[t]he language of Rule 68 is mandatory; where the rule operates, it leaves no room for district court discretion." *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 869 (5th Cir. 1986); *see also Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("Rule 68 operates automatically, requiring that the clerk 'shall enter judgment'. . . . This language removes discretion from the clerk or the trial court . . . ."). Moreover, the 14-day window for seeking attorneys' fees runs from "the entry of judgment," not from the date of the underlying judgment itself. Fed. R. Civ. P. 54(d)(2)(B)(i); *see, e.g.*, *Botts v. Pruitt*, No. 96-60543, 1997 WL 304164 at *1 (5th Cir. May 14, 1997) (per curiam) (explaining that "the 'entry of judgment' of which Rule 54(d)(2)(B) speaks . . . is entry of judgment by the district court").

The district court erred in applying these rules. Contrary to the court's view, the 14-day window in Rule 54(d)(2)(B) did not open when the court issued its without-prejudice dismissal on October 21, 2019. Rather, the

period would begin to run when the clerk entered judgment, which would not have been before the district court ordered it to do so on July 8, 2020.[3] *See Leipzig v. Principal Life Ins. Co.*, 405 F. App'x 862, 863 (5th Cir. 2010) (per curiam) (Rule 54 "suggest[s] that an attorney's fee motion would normally be filed after the entry of judgment so that the judgment could be specified"); *see also United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 & n.8 (5th Cir. 1996) (measuring timeliness of fee motion under Rule 54(d)(2)(B) by reference to specific date of "entry of judgment"). Indeed, the district court recognized that judgment should have been entered earlier by ordering the clerk to do so "correctively" nearly eight months after the order of dismissal. *See* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2651 (4th ed.) ("Entry by the clerk is crucial to the effectiveness of the judgment and for measuring the time periods for appeal and the filing of various post-trial motions."). By that time, Thomson had already moved for attorneys' fees. The district court thus erred by denying the fee motion as untimely. *See Heck v. Triche*, 775 F.3d 265, 274 (5th Cir. 2014) (fee motion timely when filed one day before court entered judgment).

We therefore REVERSE the district court's judgment and REMAND for further proceedings consistent with this opinion.

---

[3] Indeed, the record does not contain a separate indication that the clerk did in fact enter the judgment at this time. In any event, the window for Thomson to move for attorneys' fees would not open before the clerk's actual entry of judgment.