**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1855
_____

QUINTEZ TALLEY,
Appellant

v.

JOHN E. WETZEL, SEC; DEPARTMENT OF CORRECTIONS; WARDEN ROBERT
GILMORE; CSA TRACY SHAWLEY; CAPTAIN ESMOND; C/O RIX; C/O R.
POLYBLANK; UNKNOWN 3RD SHIFT C/O'S
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00230)
Magistrate Judge: Honorable Cynthia R. Eddy (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2021

Before: RESTREPO, PHIPPS and COWEN[1], Circuit Judges

(Opinion filed: August 29, 2022)
_____

OPINION[*]
_____

---

[1] The Honorable Robert J. Cowen participated in the decision in this case. Judge Cowen assumed inactive status on April 1, 2022 after the submission date, but before the filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Pro se appellant Quintez Talley appeals the District Court's judgment.[2] For the reasons detailed below, we will vacate the District Court's judgment and remand for further proceedings.

At the time relevant here, Talley, a prisoner at SCI-Greene, was held in a psychiatric observation cell[3] that was located directly in front of a correctional officers' desk. Talley alleged that during each third shift—from 10:00 p.m. to 6:00 a.m.—officers intentionally played their television set "at a disturbingly loud octave," making it impossible for him to sleep. ECF No. 4 at 3. Talley says that he asked the correctional officers to reduce the volume, but they refused, and one officer told him he was punishing Talley for filing another lawsuit. Talley alleged that this conduct violated his rights under the Americans with Disabilities Act (ADA); the First, Eighth, and Fourteenth Amendments; and state law.

The defendants moved to dismiss the complaint. The District Court granted the motion in part, dismissing Talley's claims under 42 U.S.C. § 1983 against the Department of Corrections and the individual defendants in their official capacities, his Fourteenth Amendment due process and equal protection claims, and his state law claim

---

[2] The parties consented to proceed before a Magistrate Judge. The Magistrate Judge will be referred to as "the District Court" in this opinion.

[3] Talley described a psychiatric observation cell as "a cell located in the infirmary area of the facility that is used to hold inmates who are mentally decompensating to the point where they are considered a danger to themselves, other inmates, and/or property." ECF No. 4 at 2.

of intentional infliction of emotional distress.  Otherwise, the Court permitted the case to go forward.  See ECF No. 25.

After discovery concluded, the District Court ordered the parties to file motions for summary judgment by July 5, 2019.  See ECF No. 50.  The defendants then asked for a series of extensions, often after the relevant deadline had passed.  First, on July 8, 2019, the defendants filed a motion for an extension of time, asking, without providing any reasons in support of the request, for a 31-day extension.  See ECF No. 51.  On the same day, the District Court granted the motion in a text order, resetting the deadline to August 5, 2019.  See ECF No. 52.  On August 5, 2019, the defendants asked for a ten-day extension, see ECF No. 53, which the District Court granted, extending the deadline to August 15, 2019, see ECF No. 54.  On August 27, 2019, the defendants again asked for an extension, see ECF No. 55, and the District Court extended the deadline to September 3, 2019, see ECF No. 56.[4]  Defendants then filed a motion for summary judgment on September 4, 2019, see ECF No. 59, which they supplemented with a brief and a concise statement of material facts two days later, see ECF Nos. 60 & 61.

Ultimately, the District Court granted the motion for summary judgment in part and denied it in part.  See ECF No. 72.  The Court granted summary judgment to all of the defendants on Talley's ADA discrimination and retaliation claims, and to defendant John Wetzel on Talley's Eighth Amendment claim.  Meanwhile, the Court determined

---

[4] Meanwhile, Talley filed a motion asking to place the case on the trial calendar based on the defendants' failure to file a timely motion for summary judgment.  See ECF No. 57. The District Court denied this motion and Talley's subsequent motion for reconsideration.

that the First and Eighth Amendment claims against four individual correctional officers could proceed to trial. Eventually, those defendants and Talley settled, and they stipulated to the dismissal of the remaining claims with prejudice. See ECF No. 113. The District Court approved the stipulation of dismissal, and Talley filed a timely notice of appeal.[5]

On appeal, Talley primarily argues that the District Court erred by permitting the defendants to repeatedly violate the summary-judgment scheduling orders. As he points out, the defendants twice asked for extensions after the deadline had expired and also filed the motion for summary judgment after the deadline had expired without requesting an extension.

While district courts generally have broad discretion to issue case-management orders, that discretion is constrained by Fed. R. Civ. P. 6(b)(1)(B), which states that "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." See Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) ("[T]here is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect." (quoting Jones v. Cent. Bank, 161 F.3d 311, 314 n.2 (5th Cir. 1998))). "Thus a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the Pioneer factors, before permitting an untimely motion." Id. at 785 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993)).

---

[5] We have jurisdiction under 28 U.S.C. § 1291.

Here, the District Court granted the extensions without making a finding of excusable neglect. While the defendants argue that these extensions were justified under the Pioneer factors, in Drippe, we refused to "evaluate the District Court's purported finding of excusable neglect because, notwithstanding [appellee's] averment otherwise, the record is devoid of evidence suggesting that such a finding was made." Id. at 785. The same is true here. Therefore, as in Drippe, we will "remand to permit [the defendants] to submit a motion for extension of time in compliance with Rule 6(b)(1)(B)" and for the District Court to consider the Pioneer factors in the first instance. Id. at 786.[6]

Accordingly, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.[7]

---

[6] In denying Talley's motion for reconsideration of the District Court's denial of his motion to place the case on the trial calendar and his motion to vacate the summary-judgment order, the Court did state that Talley had not been prejudiced by the delays. See ECF Nos. 65 & 77. However, as the Seventh Circuit has explained, "[l]ack of prejudice to the non-movant is often used as a reason to excuse neglect, but even if we assume that [appellant] suffered no prejudice, it 'will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable.'" Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020) (quoting United States v. McLaughlin, 470 F.3d 698, 700–01 (7th Cir. 2006)). As we noted above, we will leave it to the District Court in the first instance to analyze the relevant factors, including prejudice to Talley, and we express no opinion as to the proper conclusion.

[7] In light of this conclusion, we need not address Talley's other arguments at this time.