**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2864
_____

KENNETH J. KONIAS, JR.,
                                        Appellant

v.

DAVID DRUSKIN, PA-C; KRISTINA TANNER; MICHAEL J. HERBIK, Doctor;
MARK ROMEASE; NEDRA GRECO-RICE, CHCA; MARK CAPOZZA; CORRECT
CARE SOLUTIONS, Medical Provider; JOHN E. WETZEL; KIM BILLOW; DORINA
VARNER, Chief Grievance Administrator; PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; BOB MARSH, Doctor; ALL MEDICAL STAFF @ SCI FAYETTE
WORKING THE NIGHT SHIFT ON NOVEMBER 24, 25, 26, 2017

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-01550)
Magistrate Judge: Honorable Cynthia R. Eddy (sitting by consent)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 6, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed:  April 16, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

PER CURIAM

Pennsylvania state prisoner Kenneth J. Konias, Jr., appeals pro se from the District Court's decision granting summary judgment against him in this civil-rights action that he brought pursuant to 42 U.S.C. § 1983.[1]  For the reasons that follow, we will modify that judgment and affirm it as modified.

I.

The events at issue in this case took place in November 2017, when Konias was incarcerated at the State Correctional Institution at Fayette.  Since at least January of that year, Konias had been taking Effexor, a mental-health medication that was prescribed by a psychiatrist, Dr. Peter Saavedra.  On Wednesday, November 22, 2017 (the day before Thanksgiving), Konias was seen at sick call by David Druskin, PA-C.  During that visit, Druskin prescribed Konias two medications for pain:  Tylenol and Pamelor.

The entry of the Pamelor prescription in the computer system caused Konias's Effexor prescription to be discontinued.  And because Konias no longer had an active Effexor prescription on file, he was not given his daily dose of that medication when he came to pick it up at the prison's "pill window" on Friday, November 24, 2017.  Konias also did not receive a dose of Effexor on Saturday, November 25, 2017, or Sunday,

---

constitute binding precedent.

[1] In this case, a United States Magistrate Judge presided over the District Court proceedings pursuant to the parties' consent.  *See* 28 U.S.C. § 636(c)(1).  Accordingly, we will refer to the Magistrate Judge as "the District Court."

2

November 26, 2017.  Konias alleges that he suffered from various withdrawal symptoms while off Effexor.

According to Konias, on Saturday, November 25, 2017, he "somehow ended up passing out and seizing."  Dist. Ct. Dkt. No. 114, at 4.  Corrections officers found him passed out on the floor of his cell.  Once Konias was revived, he had trouble breathing and was experiencing chest pains.  The corrections officers called the prison's medical department.  The medical department allegedly told the officers to have Konias "put in a sick call."  *Id.*  On Monday, November 27, 2017, Konias was seen by Dr. Saavedra and given his daily dose of Effexor.  Dr. Saavedra renewed Konias's Effexor prescription at that time.  Dr. Saavedra's progress notes for that visit indicate that Konias's Effexor prescription had been "accidentally discontinued when Pamelor [was] ordered by medical."  Dist. Ct. Dkt. No. 90-2, at 78 (emphasis omitted).

Konias commenced this pro se civil-rights action in the District Court after pursuing his administrative remedies to no avail.  His amended complaint, which is the operative pleading, raised numerous claims stemming from the events of November 2017.  That pleading named a host of defendants, including (but not limited to) Druskin, Dr. Michael Herbik (Druskin's supervisor), and a John/Jane Doe placeholder consisting of "all medical staff [at] SCI Fayette working the night shift on November 24, 25, [and] 26" in 2017 ("the Doe Defendants").  Dist. Ct. Dkt. No. 42, at 2 (emphasis omitted).  The named defendants subsequently moved to dismiss the amended complaint pursuant to

3

Federal Rule of Civil Procedure 12(b)(6).  On September 28, 2021, the District Court granted those motions in part, dismissing most of the named defendants, including a nurse named Kristina Tanner.  The District Court concluded that dismissal as to Tanner and most of the other named defendants was warranted because (1) "[t]he complaint asserts no facts against any of these individuals," and (2) Konias "was previously given the opportunity to amend his complaint."  Dist. Ct. Dkt. No. 67, at 8-9.  However, the District Court concluded that dismissal was *not* warranted as to the following: (1) an Eighth Amendment claim against Druskin, Dr. Herbik, and the Doe Defendants; and (2) a state-law negligence claim against Druskin, Dr. Herbik, and the Doe Defendants.

The surviving claims proceeded to discovery.  In February 2022, the District Court directed Konias to "substitute the John/Jane Doe Defendants" or "voluntarily dismiss them" no later than June 8, 2022.  Dist. Ct. Dkt. No. 78.  The District Court indicated that the "[f]ailure to name these Defendants by that date will result in [their] being dismissed."  *Id.*  That deadline passed without Konias naming the Doe Defendants or voluntarily dismissing them.  However, the District Court did not immediately enter an order dismissing those defendants.

In December 2022, Konias and the remaining named defendants (Druskin and Dr. Herbik) cross-moved for summary judgment.  In February 2023, at which point those motions were pending, Konias filed a "Request to Add Defendant in the Name of Nurse Kristina Tanner," asserting that "Defendants recently provided [him] Discovery and

4

Medical Records . . . to identify Nurse Kristina Tanner as one of the John Doe's [sic]." Dist. Ct. Dkt. No. 97, at 1. Konias alleged that, in view of this new information, he learned that Tanner was on duty when the corrections officers contacted the medical department on November 25, 2017, after finding him passed out in his cell. Konias claimed that Tanner "was made aware of the situation [in his cell] and blatantly refused to respond to help [him] or even assess him [at that time]," *id.* at 4 (recall that the medical department allegedly told the corrections officers to have Konias "put in a sick call").

On March 3, 2023, the District Court denied Konias's request to "add" Tanner, stating that "[t]here is no question that [her] identity was available to him at the inception of the case and, thus, was not unavailable to him until recently as he asserts." Dist. Ct. Dkt. No. 105, at 1-2. Konias then moved the District Court to reconsider that ruling, arguing that, while he "named Nurse Tanner at the beginning of this [s]uit," Dist. Ct. Dkt. No. 107, at 3, he did not learn until much later that she was on duty on the night that he passed out in his cell. On March 23, 2023, the District Court denied Konias's motion for reconsideration, stating that he "does not point to any new evidence or law which the Court has not already considered or any clear error of law or fact or manifest injustice." Dist. Ct. Dkt. No. 112.

On September 12, 2023, the District Court entered an opinion and order that addressed the cross-motions for summary judgment and Konias's claims against the Doe Defendants. The District Court began by dismissing all the Doe Defendants "except for

5

the nurse who allegedly denied [Konias] medical care on the night of November 25, 2017." Dist. Ct. Dkt. No. 114, at 10. Next, the District Court revisited Konias's efforts to bring Tanner — the nurse who was on duty on the night of the 25th — back into the case. The District Court observed that, "[w]hile it is undisputed that [Konias] knew the identity of Nurse Tanner from the inception of this case, it is also possible that he did not know that Nurse Tanner was the nurse on staff that allegedly denied him medical care on November 25, 2017." *Id.* at 11. Accordingly, the District Court, "in the interests of justice," proceeded to "address the substance of [Konias's] claims of deliberate indifference and negligence related to the night of November 25, 2017[,] against Nurse Tanner." *Id.*

On the merits, the District Court concluded that Tanner was entitled to summary judgment on the Eight Amendment claim because Konias's "temporary discomfort" from "his loss of consciousness" on November 25, 2017, did not amount to a serious medical need. *Id.* at 16. The District Court concluded that Tanner was entitled to summary judgment on the negligence claim, too, because (1) "expert testimony is required to prove that [her] not providing immediate medical care was substandard and caused any injuries to [Konias]," and (2) Konias "has no such expert testimony." *Id.* at 18. Regarding Konias's claim that Druskin and Dr. Herbik violated his Eighth Amendment rights, the District Court concluded that those defendants were entitled to summary judgment because the "inadvertent discontinuance" of his Effexor prescription was "insufficient to

6

show . . . deliberate indifference [under the Eighth Amendment]." *Id.* at 14. And as for

Konias's negligence claim against Druskin and Dr. Herbik, the District Court concluded

that this claim failed because, inter alia, Konias "has offered no expert testimony about

. . . causation." *Id.* at 17; *see id.* ("While a nonprofessional may be able to find that

[Konias] suffered from problems breathing, chest pains, convulsions[,] and 'blacking in

and out' during the [time] he went without his medication, expert testimony is required to

prove that the medication discontinuance caused these symptoms . . . .").

Konias timely appealed from the District Court's September 12, 2023 decision.

This appeal is now ripe for disposition.[2]

---

[2] One of the defendants in this case was Correct Care Solutions, LLC, which is now known as Wellpath, LLC (hereinafter "Wellpath"). Wellpath was one of the many defendants dismissed by the District Court on September 28, 2021. In 2024, this appeal was stayed pursuant to 11 U.S.C. § 362 after Wellpath filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Texas. In 2025, the Bankruptcy Court confirmed Wellpath's plan of reorganization, and the stay in this case was lifted.

Wellpath has since moved to be dismissed from this appeal, arguing that, since it (Wellpath) has been discharged in bankruptcy, we no longer have jurisdiction over Konias's claims against it. We need not reach this jurisdictional argument because Konias has forfeited any challenges to the District Court's disposition of his claims against Wellpath by failing to preserve them in his opening brief. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." (alteration in original) (citation to quoted case omitted)); *Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 452 (3d Cir. 2024) ("[A]rguments not raised in a party's opening brief are generally deemed forfeited."); *Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this [C]ourt." (internal quotation marks omitted)).

7

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's September 12, 2023 decision is plenary. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 141 (3d Cir. 2017).[3] Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted). We may affirm the District Court's judgment on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

For substantially the reasons set forth in the District Court's opinion accompanying its September 12, 2023 decision, we agree with the District Court that

---

[3] To the extent that Konias has preserved any challenge to the District Court's September 28, 2021 decision dismissing a subset of the defendants from this case, we exercise plenary review over that decision, too. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). For substantially the reasons set forth in the District Court's opinion accompanying its September 28, 2021 decision, we see no reason to disturb that decision.

8

summary judgment against Konias was warranted with respect to his Eighth Amendment and negligence claims against Druskin and Dr. Herbik. We devote the remainder of this opinion to Konias's Eighth Amendment and negligence claims against Tanner.

As noted earlier, Konias's amended complaint named Tanner as a defendant. Because none of the alleged facts in that pleading mentioned her, the District Court dismissed her from the case in September 2021. The District Court then gave Konias until June 2022 to identify the Doe Defendants, but he failed to meet that deadline. About eight months after that deadline passed, he sought the District Court's permission to bring Tanner back in as a defendant, asserting that he had discovered that she was one of the Doe Defendants. In March 2023, the District Court denied that request and denied Konias's related motion for reconsideration. However, in its September 12, 2023 decision, the District Court seemingly departed from those rulings and proceeded to "address the substance of [Konias's] claims of deliberate indifference and negligence related to the night of November 25, 2017[,] against Nurse Tanner," Dist. Ct. Dkt. No. 114, at 11, concluding that Tanner was entitled to summary judgment as to those claims.

Since Tanner did not move for summary judgment — she had not participated in this case since her dismissal in September 2021 — the District Court's grant of summary judgment in her favor was effectively made sua sponte. "It has long been established that, under the right circumstances, district courts are entitled to enter summary judgment *sua sponte*." *Gibson v. Mayor and Council of City of Wilmington*, 355 F.3d 215, 222 (3d

Cir. 2004).  However, a district court may not enter such a judgment "without placing the adversarial party on notice that the court is considering a sua sponte summary judgment motion and providing that party an opportunity to present relevant evidence in opposition to that motion." *Couden v. Duffy*, 446 F.3d 483, 500 (3d Cir. 2006) (internal quotation marks omitted); *see* Fed. R. Civ. P. 56(f)(2).  Here, we need not decide whether the District Court failed to provide Konias with the requisite notice and opportunity to respond because, as we explain below, the question whether summary judgment was warranted as to the claims against Tanner was not properly before the District Court.

When Konias moved in February 2023 to "add" Tanner as a defendant (i.e., replace one of the Doe Defendants with Tanner), his deadline for identifying the Doe Defendants had long since passed.  When an action must be taken within a certain time, a district court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  But to obtain relief under that rule, "a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion." *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).  "[T]here is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect."  *Id.* (quoting *Jones v. Cent. Bank*, 161 F.3d 311, 314 n.2 (5th Cir. 1998) (Smith, J., dissenting)).

10

Konias's motion to add Tanner did not seek relief under Rule 6(b)(1)(B), and it does not appear that the District Court construed it as a Rule 6(b)(1)(B) motion. And even if the District Court *had* construed it as a Rule 6(b)(1)(B) motion, there would have been no basis for granting it, as Konias failed to show excusable neglect for not seeking to bring Tanner back into the case until February 2023. Indeed, although that request (and Konias's related motion for reconsideration) averred that Druskin and Dr. Herbik had "recently" provided him with medical records that enabled him to identify Tanner as one of the Doe Defendants, it appears that Konias had received those records over five *months* before making that request, if not earlier.[4] At bottom, because the District Court

---

[4] In October 2021, the District Court directed Druskin and Dr. Herbik to provide Konias with, inter alia, all medical records in their possession concerning Konias. The deadline for doing so was January 31, 2022. On January 28, 2022, Druskin and Dr. Herbik filed a notice of compliance, stating that they had "produced the documents identified [in the District Court's October 2021 order], excepting any confidential mental health records." Dist. Ct. Dkt. No. 77, at 1. In March 2022, Konias filed a "Request for Additional Discovery," seeking various information and records, including his "complete medical records from May 2014 to the present." Dist. Ct. Dkt. No. 79. On June 2, 2022, the District Court granted that request as unopposed and directed Druskin and Dr. Herbik to serve that discovery by June 30, 2022. On June 28, 2022, Druskin and Dr. Herbik filed a notice of compliance, stating that they had served their discovery responses on May 24, 2022, and that they had since served Konias with supplemental medical records and a courtesy copy of the May 24, 2022 responses. And on or before August 25, 2022, Druskin and Dr. Herbik, at the District Court's direction, "served Mr. Konias with a courtesy copy of . . . the information previously provided, as well as copies of additional records." Dist. Ct. Dkt. No. 86, at 1.

To the extent that Konias's request to bring Tanner back into the case indicates that the records that helped Konias identify Tanner as one of the Doe Defendants were attached to Druskin and Dr. Herbik's motion for summary judgment (which was not filed

11

did not grant Konias relief under Rule 6(b)(1)(B) in connection with his untimely request to bring Tanner back into the case (and there was no reason for the District Court to do so), the District Court could not reach, sua sponte or otherwise, the merits of Konias's Eighth Amendment and negligence claims against Tanner.

In view of the above, we will modify the District Court's September 12, 2023 decision so that, instead of granting summary judgment in Tanner's favor, it does not disturb the District Court's March 2023 orders denying Konias's efforts to bring Tanner back into the case. So modified, we will affirm the District Court's judgment.[5]

---

until December 2022), Konias has failed to establish that those same records were not included in the discovery that Druskin and Dr. Herbik produced to him earlier that year. Indeed, Konias's motion to reconsider the District Court's denial of his request to bring Tanner back into the case states that he received the records in question when Druskin and Dr. Herbik sent them to him "as ordered by th[e] [District] Court." Dist. Ct. Dkt. No. 107, at 3; *see also* Konias's Opening Br. 6 (stating that "Konias found out [Tanner's] identity after discovery was received [from] Defendants" (emphasis omitted)).

[5] Konias's motion to extend the time to file his reply brief, which we construe as a motion to file his reply brief out of time, is granted. We have considered that brief in rendering our decision here. To the extent that he alleges that the District Court was biased against him, we see no evidence of any bias. *See generally Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias"). Konias's "Motion for Sanction and Judgement [sic] as a [M]atter of Law [A]gainst Defendants" is denied, as is his "Request to Approve Appeal to [C]ontinue Case in United States Court of Appeals." To the extent that Konias seeks any other relief from us, that relief is denied.